Michael Morrison (State Bar No. 205320)
Alexander Krakow & Glick LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Phone: (310) 394-0888
Fax: (310) 394-0811
mmorrison@akgllp.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ramon Tovar, *on behalf himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> PayPal, Inc. and Bill Me Later, Inc., <br><br> Defendants. | Case No: <br><br> CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br><br> VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227) <br><br> DEMAND FOR JURY TRIAL |

**Nature of this Action**

1. Ramon Tovar ("Plaintiff") brings this class action against PayPal, Inc. ("PayPal") and Bill Me Later, Inc. ("Bill Me Later") (together "Defendants"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

1

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

\*    \*    \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent, in that they place autodialed and prerecorded or artificial voice calls to wrong or reassigned telephone numbers.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Paypal resides in this district.

## Intradistrict Assignment

6. Assignment to the San Jose Division of the Northern District of California is appropriate as PayPal is located in San Jose, California.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Richmond, Virginia.

8. PayPal is a corporation located in San Jose, California.

9. Bill Me Later is a corporation located in Timonium, Maryland.

## Factual Allegations

10. Sometime in 2017, Defendants began placing calls to Plaintiff's cellular telephone number—(804) 922-XXXX.

11. Paypal placed at least one call to Plaintiff's cellular telephone number on February 2, 2017, April 5, 2017, April 7, 2017, and April 28, 2017.

12. Bill Me Later placed at least one call to Plaintiff's cellular telephone number on March 24, 2017, March 28, 2017, March 29, 2017, and March 30, 2017.

13. Upon information and good faith belief, Defendants placed additional calls to Plaintiff's cellular telephone number not listed above.

14. PayPal placed some of its calls to Plaintiff's cellular telephone number from (402) 935-7733—which, when dialed, plays a message that begins: "Thanks for calling PayPal . . . ."

15. Bill Me Later placed some of its calls to Plaintiff's cellular telephone number from (800) 684-4340—which, when dialed, plays a message that begins: "Hello you've reach Bill Me Later, Inc., an affiliate of PayPal, regarding PayPal credit . . . ."

16. Defendants' calls to Plaintiff's cellular telephone number were intended for a recipient other than Plaintiff—a woman who Plaintiff does not know.

17. On occasion, Plaintiff answered calls that Defendants placed to his cellular telephone number, at which time a recorded message asked for a woman who Plaintiff does not know, and stated something to the effect of: If you are not the person we are looking for, please hang up.

18. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendants placed their calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

19. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendants placed their calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

20. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendants placed their calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when

paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

21. Upon information and good faith belief, Defendants placed their calls to Plaintiff's cellular telephone number for non-emergency purposes.

22. Upon information and good faith belief, Defendants placed their calls to Plaintiff's cellular telephone number voluntarily.

23. Upon information and good faith belief, Defendants placed their calls to Plaintiff's cellular telephone number under their own free will.

24. Upon information and good faith belief, Defendants had knowledge that they were using an automatic telephone dialing system or an artificial or prerecorded voice to place their calls to Plaintiff's cellular telephone number.

25. Upon information and good faith belief, Defendants intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place their calls to Plaintiff's cellular telephone number.

26. Plaintiff is not, nor was, one of Defendants' customers.

27. Plaintiff does not, nor did, have a business relationship with Defendants.

28. Plaintiff did not give Defendants prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

29. Upon information and good faith belief, Defendants maintain business records that show all calls they placed to Plaintiff's cellular telephone number.

30. Plaintiff suffered actual harm as a result Defendants' calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

31. Moreover, Defendants' calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

32. Upon information and good faith belief, Defendants, as a matter of pattern and practice, use an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom PayPal, Inc. or Bill Me Later, Inc. placed, or caused to be placed, more than one call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Paypal, Inc. or Bill Me Later, Inc.'s calls—in that the intended recipient of the calls was not a subscriber to, or customary user of, the telephone number, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

34. Excluded from the class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

35. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the class are ascertainable because the class is defined by reference to objective criteria.

38. In addition, the members of the class are identifiable in that, upon information and

belief, their cellular telephone numbers, names, and addresses, can be identified in business records maintained by Defendants and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the class.

40. As they did for all members of the class, Defendants used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number, without prior express consent.

41. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendants.

42. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

43. Plaintiff suffered the same injuries as the members of the class.

44. Plaintiff will fairly and adequately protect the interests of the members of the class.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

46. Plaintiff will vigorously pursue the claims of the members of the class.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

50. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

51. Issues of law and fact common to all members of the class are:

    a. Defendants' conduct, pattern, and practice;

    b. Defendants' violations of the TCPA;

    c. Defendants' use of an automatic telephone dialing system as defined by the TCPA;

    d. Defendants' use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

57. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendants have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**

**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without his consent.

63.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendants from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Date: July 24, 2017

/s/ Michael Morrison
Michael Morrison
Alexander Krakow & Glick LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Phone: (310) 394-0888
Fax: (310) 394-0811
mmorrison@akgllp.com

8

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com
Counsel for Plaintiff and the proposed classes